UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| VITAL BASICS, INC., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Civil No. 05-65-P-S |
| | ) | Bankruptcy No. 04-20734 |
| VERTRUE INCORPORATED, | ) | |
| | ) | |
| Appellee. | ) | |

**ORDER ON APPEAL OF THE DECISIONS OF THE BANKRUPTCY COURT**

Before the Court is an appeal brought by Vital Basics, Inc. ("VBI"). VBI, the debtor before the Bankruptcy Court, challenges three related decisions by the Bankruptcy Court: (1) the February 23, 2005 Order denying the Motion to Vacate the Arbitration Award, (2) the April 6, 2005 Order granting the Motion to Confirm the Arbitration Award, and (3) the April 8, 2005 Order denying VBI's Objection to the Claim of MemberWorks Incorporated ("MemberWorks").[1] For reasons explained herein, the Court AFFIRMS all of these decisions.

**I.     INTRODUCTION**

Through this appeal, VBI primarily seeks to overturn an arbitration award. More specifically, VBI challenges the Bankruptcy Court's denial of its motion to vacate the arbitration award and subsequent confirmation of the award. In addition, VBI argues that even if the entire arbitration award was correctly confirmed, the Bankruptcy Court should have disallowed MemberWorks' claim to the extent that it included an award of

---

[1] As noted in Appellee's Brief, MemberWorks has changed its name to Vertrue Incorporated during the course of the proceedings that are the subject of this appeal. For the sake of consistency and ease of reference, the Court will follow the convention adopted by Appellee and refer to Vertrue Incorporated as "MemberWorks" in this Order. (See Appellee's Brief (Docket # 9) at 1 n.1.)

1

attorneys' fees and prejudgment interest, since such awards are limited under the Bankruptcy Code.

The arbitration award at issue was the result of an arbitration conducted between VBI and MemberWorks for alleged breaches of a marketing agreement. Pursuant to this marketing agreement, MemberWorks had paid commissions to VBI in exchange for VBI's exclusive direct marketing of MemberWorks' membership programs. The dispute between the parties required the arbitrators to interpret various provisions of the marketing agreement, determine whether various alleged actions by either side occurred and, if so, whether those actions constituted a breach of the marketing agreement. In addition to claiming breach of contract, MemberWorks sought punitive damages claiming that VBI had engaged in unfair and deceptive acts that constituted a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"). For its part, VBI counterclaimed and sought damages for alleged breaches of contract by MemberWorks. Ultimately, the panel of three arbitrators ruled against VBI and awarded MemberWorks damages totaling $4,898,538.00, said award including an award of $1,340,000.00 in punitive damages for the CUTPA violations.

## II.     STANDARD OF REVIEW ON APPEAL

When a party chooses to appeal a bankruptcy court decision to the district court pursuant to 28 U.S.C. § 158(a), the district court reviews the bankruptcy court's conclusions of law *de novo* and any factual findings under the more deferential clearly erroneous standard. See, e.g., Davis v. Cox, 356 F. 3d 76, 82 (1st Cir. 2004); Groman v. Watman (In re Watman), 301 F.3d 3, 7 (1st Cir. 2002). Finding that VBI's objections focus on the Bankruptcy Court's legal conclusions, the Court has engaged in a *de novo*

review of this matter and given full consideration to both the written and oral submissions of the parties on appeal, as well as the entire record that served as the basis for the Bankruptcy Court's rulings.

### III.   THE REVIEW OF THE ARBITRATION AWARD

With respect to VBI's appeal of the Bankruptcy Court's denial of the Motion to Vacate the Arbitration Award, it is appropriate to start by noting that the Bankruptcy Court correctly identified the limited bases upon which a court can decide to vacate an arbitration award. Specifically, pursuant to federal statute, a court may only vacate an arbitration award on one of four specific bases:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). As the Bankruptcy Court correctly explained, this is a limited review:

> [J]udicial review of the arbitrators' decision is 'extremely narrow and exceedingly deferential,'. . . . 'An arbitrator's award must be enforced if it is in any way plausible even if we think the arbitrators committed serious error' . . . . "We vacate an arbitration award in very rare circumstances such as where there is misconduct by the arbitrator or the arbitrator exceeded the scope of his arbitral authority or when the award was made in manifest disregard of the law. Manifest disregard of the law exists when either the award is contrary to the plain language of the contract or it is clear from the record that the arbitrator recognized the applicable law but ignored it."

(Feb. 23, 2005 Tr. of Oral Ruling (Bank. Docket # 453) at 7-8 (quoting and citing Wonderland Greyhound Park, Inc. v. Autotote Sys. Inc., 274 F.3d 34, 35-36 (1st Cir. 2001) & Gupta v. Cisco Sys., Inc., 274 F.3d 1, 3 (1st Cir. 2001)).)

Even upon *de novo* review, this Court's review of the arbitration award is similarly limited. Nonetheless, pursuant to this standard, the Court has fully considered VBI's claims that the arbitrators displayed evident partiality, that the arbitrators engaged in misconduct by refusing to hear pertinent and material evidence, that the arbitrators exceeded their powers by considering matters allegedly outside the scope of the parties' arbitration clause and, finally, that the arbitrators' award cannot pass muster as a mutual, final and definite award upon the matter submitted. Having reviewed the record in its entirety, there is no doubt that all of these claims are without merit. In this case, the arbitration award represents a final and definite award based upon a "plausible" reading of the contract between VBI and MemberWorks. Gupta, 274 F.3d at 3. Thus, the Bankruptcy Court's decision to confirm the award was entirely correct.

### III.   THE ALLOWANCE OF THE CLAIM

Relying on the Bankruptcy Code, VBI also claims that the Bankruptcy Court erred in allowing the portions of the arbitration award that VBI claimed were awards of attorneys' fees and interest.

With respect to the attorneys' fees, the arbitration award did not actually make an explicit award of attorneys' fees. Rather, it made a punitive damage award under CUTPA for $1,340,000.00 and, in doing so, noted that this punitive damage award included MemberWorks "reasonable attorneys' fees and cost in the amount of $840,000." (Arbitration Award ¶6.) The Bankruptcy Court noted this distinction. Nonetheless, VBI

4

argues on appeal that the attorneys' fees award should not be allowed simply because it is "disguised as an award of punitive damages under state law." (Appellant's Brief (Docket # 7) at 33.)

Notably, VBI has not argued that an award of punitive damages is not allowable under the Bankruptcy Code. In addition, VBI has not pointed to any precedent that would require a bankruptcy court to look beyond the label of an allowable punitive damages award and thereby disallow such an award based on the components considered in making the award. In short, the Court agrees with and adopts the Bankruptcy Court's ruling that "there's no reason by application of the Code provisions to disallow the punitive damages award because the constellation of factors that were considered by the arbitrators in reaching the punitive damages sum includes their consideration of what [MemberWorks] attorney's fees had been." (April 5, 2005 Tr. of Hearing (Bank. Docket # 516) at 8-9.)

With respect to the interest award, the Bankruptcy Court found that the pre-judgment interest awarded "went no further than the date of the bankruptcy, and [was, in fact,] rounded down to the tune of 69 or 89 cents." (April 6, 2005 Tr. at 10.) Because the Court completely concurs with the factual determination by the Bankruptcy Court, the Court believes that VBI's claim that the interest award somehow includes post-petition interest is without merit. Under both the marketing agreement between VBI and MemberWorks and applicable Connecticut law, MemberWorks could recover pre-judgment interest on its breach of contract claim. The Bankruptcy Court's decision to allow the portion of MemberWorks' claim that constituted pre-petition, prejudgment interest was entirely correct. See, e.g., In re Consumers Realty & Development Co., 238

5

B.R. 418, 425 (B.A.P. 8th Cir. 1999) ("'Prepetition interest is generally allowable to the extent and at the rate permitted under the applicable nonbankruptcy law, including the law of contracts.'") (quoting In re Milham, 141 F.3d 420, 423 (2d Cir. 1998)).

Finding no error in the various Bankruptcy Court rulings presented to this Court by way of VBI's appeal, the Court hereby DENIES the appeal and AFFIRMS the decisions of the Bankruptcy Court.

SO ORDERED.

                                              /s/ George Z. Singal  
                                              Chief U.S. District Judge

Dated this 3rd day of November 2005.