UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| VITAL BASICS, INC., ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | Civil No. 05-65-P-S |
| ) | Bankruptcy No. 04-20734 |
| VERTRUE INCORPORATED, ) | |
| ) | |
| Appellee. ) | |

**ORDER ON APPLICATION FOR ATTORNEYS' FEES**

Before the Court is Vertrue Incorporated's ("Vertrue") Application for Attorneys' Fees (Docket # 32), which was made in accordance with Local Rule 54.2. For the reasons briefly explained below, the Application is DENIED WITHOUT PREJUDICE to it being renewed after the conclusion of the pending appeal.

This case initially came before this Court as an appeal from the Bankruptcy Court. On November 3, 2005, the Court denied the appeal and affirmed the decision of the Bankruptcy Court. (See Order on Appeal (Docket # 20) at 6.) As relevant to the pending motion, the Court's decision affirmed the Bankruptcy Court's earlier decision to allow an arbitration award. Following this Court's affirmance, Vital Basics, Inc. ("VBI"), the debtor before the Bankruptcy Court and the unsuccessful appellant before this Court, filed a timely notice of appeal (Docket # 21) on November 8, 2005.

Then, on December 6, 2005, Vertrue filed the pending application for attorneys' fees. In its objection to the application, VBI has argued that this Court lacks subject matter jurisdiction over the application noting that the basis on which Vertrue seeks attorneys' fees overlaps with the issues now on appeal to the First Circuit. Vertrue filed

no reply. Having considered VBI's challenge to the Court's jurisdiction, the Court concludes that VBI's timely appeal of the Court's November 3, 2005 decision divested this Court of jurisdiction to award attorneys' fees under either the Memberlink Agreement[1] or the Connecticut Unfair Trade Practices Act ("CUTPA"). See, e.g., United States v. Distasio, 820 F.2d 20, 23 (1st Cir. 1987) ("As a general rule with only limited exceptions, entry of a notice of appeal divests the district court of jurisdiction to adjudicate any matters related to the appeal.") (citations omitted). Both the Memberlink Agreement and CUPTA are at the center of the appeal before the First Circuit. Thus, there is a danger that any ruling awarding attorneys' fees under the Memberlink Agreement could be incompatible with the First Circuit's decision.

Alternatively, the Court finds that the complicated issue of attorneys' fees is best addressed after the appeal is completed. Although Vertrue's pending application for attorneys' fees only seeks fees pursuant to the Memberlink Agreement, the application notes that CUTPA may also serve as a basis for awarding fees depending on the outcome of the First Circuit appeal. (See Vertrue's Application (Docket # 32) at 3-4 n.1.) In fact, CUTPA served as the basis for the initial implicit award of attorneys' fees that was allowed by the Bankruptcy Court.[2] As detailed in VBI's Objection, Vertrue's current request for an explicit award of attorneys' fees under section 13 of the Memberlink Agreement from this Court faces a number of obstacles. (See VBI Objection (Docket # 37) at 4-10.) An award of attorneys' fees under CUTPA might well avoid these

---

[1] A copy of this Agreement is attached as Exhibit A to Docket # 32.

[2] The underlying arbitration award did not actually make an explicit award of attorneys' fees pursuant to the Memberlink Agreement. Rather, it made a punitive damage award under the Connecticut Unfair Trade Practices Act ("CUTPA") for $1,340,000.00 and, in doing so, noted that this punitive damage award included Vertrue's "reasonable attorneys' fees and cost in the amount of $840,000." (Arbitration Award ¶6.) Thus, the Bankruptcy Court ultimately allowed Vertrue's claim for punitive damages, not a claim for attorneys' fees.

obstacles. Thus, the Court believes that the issue of attorneys' fees is best resolved on a record that clearly reflects whether Vertrue's basis for seeking an additional award of attorneys' fees is the Memberlink Agreement, CUTPA or both. If, following resolution of the First Circuit appeal, Vertrue renews its application for attorneys' fees under the Memberlink Agreement, the Court expects Vertrue's renewed application to respond to the multiple objections already raised by VBI. (See VBI Objection (Docket # 37) at 4-10.)

For these reasons, the Court DENIES WITHOUT PREJUDICE the Application for Attorneys' Fees (Docket # 32).

SO ORDERED.

                                    /s/ George Z. Singal
                                  Chief U.S. District Judge

Dated this 28th day of June 2006.